UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMMANUEL LOPEZ GALVAN,

Petitioner,

v.

WARDEN, MESA VERDE DETENTION CENTER, et al.,

Respondents.

Case No. 1:26-cv-02174-JLT-HBK (HC)

FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS IN PART, AND DENY MOTIONS FOR PRELIMINARY INJUNCTION AND TO EXPEDITE RULINGS AS MOOT [1]

(Docs. 1, 7)

FIVE-DAY OBJECTION PERIOD

Petitioner Emmanuel Lopez Galvan, an immigration detainee in U.S. Immigration and Customs Enforcement ("ICE") custody at the Mesa Verde Detention Center in Bakersfield, California, initiated this action by filing a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 on March 19, 2026. (Doc. 1, "Petition"). The same day, he filed a motion for temporary restraining order ("TRO"), which was denied by the assigned district judge as untimely. (Docs. 2, 5). In a separate pleading filed the same day, he moved for a preliminary injunction, which the district judge referred to the undersigned. (Docs. 7, 8).

The Petition raises the following claims for relief: (1) Petitioner's detention under the

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

mandatory provision of 8 U.S.C. § 1225(b)(2), as a noncitizen who previously entered the country and has resided here prior to being apprehended and placed in removal proceedings, violates the Immigration and Naturalization Act ("INA"), and (2) Petitioner's detention without a bond hearing violates his due process rights under the Fifth Amendment. (*Id*. at 8-9). As relief, Petitioner seeks, *inter alia*, immediate release. (*Id*. at 9).

In response, Respondent briefly argues in a footnote that the Court should deny the Petition because Petitioner is an "applicant for admission" subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2) and is therefore ineligible for a bond hearing. (Doc. 12 at 2 n.1). However, their primary argument is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E) while his removal proceedings are pending due to his arrest for strangling his spouse and causing her to lose consciousness. (Doc. 12 at 2-5). Petitioner filed a traverse, maintaining that he is not subject to mandatory detention under § 1225(b)(2) and contesting the application of § 1226(c)(1)(E) as a violation of due process because Petitioner has not been charged with or convicted of any crime, arguing generally that any bond hearing under "current immigration court conditions violates Due Process because they lack neutrality." (Doc. 13).

Significant to the consideration of the Petition is Petitioner's status as a Mexican citizen who entered the country without inspection and resided in the United States for more than 20 years before being apprehended and placed in standard removal proceedings under § 1229a. The undersigned recommends the district court grant the Petition as to Claim One (violation of the INA) in part for the reasons set forth below.[2]

## I. BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States without inspection. (Doc. 1-1 at 1; Doc. 12-1 at 2). He has resided in the United States for over 20 years. (Doc. 1-3 at 3). On January 2, 2026, Petitioner was arrested for aggravated infliction of corporal injury on a spouse in violation of California Penal Code ("CPC") 273.5, after Petitioner's child called 911 to report Petitioner had strangled his mother. (Doc. 12 at 1-2; Doc. 12-1 at 9).

---

[2] In light of the Court's conclusion that Petitioner's detention violates the INA (Claim One), the Court declines to address Petitioner's additional due process claim for relief.

Petitioner's spouse claimed this caused her to "black out" and lose consciousness. (Doc. 12-1 at 9-10). After his arrest and transport to the county jail, authorities collected a firearm and two boxes of ammunition that Petitioner owned. (Doc. 12-1 at 11, 12, 14). Subsequently, the alleged victim stated she wished to drop the charges and would not be a cooperating victim. (*Id*. at 17).

On January 3, 2026, ICE encountered Petitioner in the release area of the county jail and arrested him for immigration violation. (*Id*. at 2). On the same date, U.S. Citizenship and Immigration Services ("USCIS") issued a Notice to Appear charging Petitioner as subject to removal pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (alien entry without inspection). (*Id*. at 18). On February 5, 2026, Petitioner's request for a change in custody status was denied by the Immigration Judge ("IJ") for lack of jurisdiction. (Doc. 1-2). On March 17, 2026, Petitioner's second request for a change in custody status was similarly denied by the IJ for lack of authority to consider a request for bond. (Doc. 13-1).

Petitioner is currently detained in ICE custody at the Mesa Verde ICE Processing Facility in Bakersfield, California. (Doc. 1 at 2).

## II. APPLICABLE LAW AND ANALYSIS

The Court recommends advancing the merits determination and consolidating it with the resolution of the preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a)(2), which provides that "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2); *see also Dzhabrailov v. Decker*, 2020 WL 2731966, at *4 (S.D.N.Y. May 26, 2020) (considering preliminary injunction and merits of petition simultaneously).

### A. Jurisdiction

A district court may grant habeas relief to a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District courts retain jurisdiction over habeas challenges to immigration detention that are "sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

B. Statutory and Legal Framework

The Court briefly outlines the statutory framework governing detention authority under the INA and the recent changes in how the Executive agencies interpret these statues.

1. Mandatory Detention under 8 U.S.C. § 1225(b)

Section 1225(a)(1) provides that an alien present in the United States who has not been admitted, or who arrives in the United States, is deemed an "applicant for admission." Applicants for admission must be inspected by immigration officers consistent with U.S. immigration law. *Jennings*, 583 U.S. at 287 (quoting § 1225(a)(3)). If an immigration officer determines that an arriving alien is inadmissible and the alien does not indicate an intention to apply for asylum or express a fear of persecution, the officer must order the alien removed without further hearing or review. § 1225(b)(1)(A)(i); 8 U.S.C. § 1182(a)(7). With certain exceptions, § 1225(b)(2)(A) directs that if am applicant for admission is not "clearly and beyond a doubt" entitled to be admission, "the alien *shall* be detained" for removal proceeding under 1229a. § 1225(b)(2)(A) (emphasis added). Applicants for admission may be released on parole only for urgent humanitarian reasons or significant public benefit." *Jennings*, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A) and citing 8 C.F.R §§ 212.5(b), 235.3 (2017)).

2. Detention under 8 U.S.C. § 1226

Section 1226(a) authorizes arrest and detention of an alien pending a decision on removal and grants the government broad discretion to continue detention or release the alien on bond or conditional parole. § 1226(a); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). Federal regulations provide that noncitizens detained under § 1226(a) receive bond hearings at the outset of detention and must show by a preponderance of the evidence that they are not a danger to the community or a flight risk. *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); Matter *of Guerra*, 24 I.& N. Dec. 37, 40 (B.I.A. 2006); *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007).

After discretionary release under § 1226(a), the government may revoke bond or conditional parole and rearrest the noncitizen "at any time," but courts have held that rearrest must comply with constitutional constraints and generally requires a change in circumstances.

*M.R.R. v. Chestnut*, 2025 WL 3265446, at *3 (E.D. Cal. Nov. 24, 2025) (internal citations omitted); *Martinez Hernandez v. Andrews*, 2025 WL 2495756, at *10 (E.D. Cal. Aug. 28, 2025) (while allowing for rearrest at any time, “this does not mean that DHS may exercise its discretion in a manner that is inconsistent with constitutional requirements.”).

However, § 1226(c) “carves out a statutory category of aliens who may *not* be released under § 1226(a),” mandating detention for an alien apprehended under § 1226 “who falls into one of several enumerated categories involving criminal offenses.” *Jennings*, 583 U.S. at 289 (emphasis in original). In January 2025, the Laken Riley Act (“LRA”) amended § 1226(c) to add a new category of alien ineligible for release under § 1226(a), including aliens deemed “inadmissible” for being “present in the United States without being admitted or paroled,” who have been arrested for, charged with, or convicted of certain crimes. LRA, Pub. L. No. 119-1 (Jan. 29, 2025); *see* 8 U.S.C. § 1182(a)(6)(A)(i), § 1226(c)(1)(E).

3. Government’s Change in Position

Until 2025, DHS applied § 1226(a) and its discretionary release framework to most noncitizens in the United States without valid documentation. *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *3 (N.D. Cal. Sept. 12, 2025); *see also, e.g., Escobar Salgado v. Mattos*, 2025 WL 3205356, at *3 (D. Nev. Nov. 17, 2025) (citing *Inspection and Expedited Removal of Aliens*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

In July 2025, the DHS and DOJ adopted a new position that § 1225, instead of § 1226, governs detention of all applicants for admission, including aliens present in the United States “who has not been admitted.” Under this view, such individuals are subject to mandatory detention under § 1225(b) without bond hearings before an immigration judge and are treated in the same manner as “‘arriving aliens.” *See ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission*, American Immigration Lawyers Association (July 8, 2025), https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last visited January 7, 2026). In September 2025, the BIA issued a precedential decision adopting this interpretation and holding that immigration judges lack bond authority over noncitizens present in the United States without admission, because they are

applicants for admission subject to § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 at *9.

C. Claim One: Violation of the INA

Respondents contend that Petitioner is subject to the mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Doc. 12 at 2 n.1). Petitioner argues that Respondents' application of § 1225(b)(2) to noncitizens who, like him, entered without inspection, resides in the United States for many years, and were later apprehended in the interior and placed in removal proceedings on the inadmissibility grounds, is contrary to the INA. (Doc. 1 at 8).

The Ninth Circuit recently agreed. It held that noncitizens apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226(a), rather than mandatory detention under § 1225(b)(2)(A). *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026); *see also Barbosa da Cunha v. Freden*, 175 F.4th 61 (2nd Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. May 6, 2026); *Moreno Vergel v. Chestnut*, 2026 WL 32848, at *3 (E.D. Cal. Jan. 6, 2026) (collecting cases in the Eastern District of California); *but see Buenrostro-Mendez v. Bondi*, 166 4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

It is undisputed that Petitioner entered the United States without inspection and has resided here for approximately 20 years. (Doc. 1-3 at 3). Accordingly, Petitioner is not subject to mandatory detention under § 1225(b)(2)(A). Rather, the discretionary detention framework of § 1226(a) governs. *See Jennings*, 583 U.S. at 303 ("§ 1226 applies to aliens already present in the United States."). That conclusion, however, does not resolve the Petition.

Respondents alternatively contend that Petitioner is subject to mandatory detention pursuant to § 1226(c)(1)(E), based on his January 2026 arrest for aggravated infliction of corporal injury on a spouse in violation of CPC 273.5. (Doc. 12 at 2-5). Section 1226(c) "carves out a statutory category of aliens who may *not* be released under § 1226(a)," thereby mandating detention for an alien apprehended under § 1226 "who falls into one of several enumerated categories involving criminal offenses." *Jennings*, 583 U.S. at 289 (emphasis in original).

The Laken Riley Act amended § 1226(c) by adding § 1226(c)(1)(E). As relevant here,

that provision encompasses certain noncitizens who are inadmissible for having been "present in the United States without being admitted or paroled," and who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of" specified offense. 8 U.S.C. § 1226(c)(1)(E). The specified offenses include "any crime that results in death or serious bodily injury to another person." *Id*.

On July 28, 2026, the Ninth Circuit ruled that California Penal Code § 273.5 (corporal injury to a spouse or cohabitant) is not a crime of violence under 8 U.S.C. § 16(a). *United States v. Lopez*, 183 F.4th 1110, 1120 (9th Cir. 2026). Whether an arrest under § 273.5 independently triggers § 1226(c)(1)(E), therefore depends on whether the underlying offense resulted in death or serious bodily injury. The Court need not resolve that question here.

Courts construing § 1226(c)(1)(E) have concluded that its mandatory detention provision applies only while the noncitizen is presently charged with, arrested for, or convicted of a qualifying offense. As a matter of statutory construction, "by using the present tense, [the Laken Riley Act] establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute[,] such as by a conviction." *Singh v. Wofford*, 2026 WL 972547, at *2 (E.D. Cal. Apr. 10, 2026) (citing *Helbrum v. Williams Olson*, 2025 WL 2840273, at *5-6 (S.D. Iowa Sept. 30, 2025) ("The use of present tense is conspicuous and important."); *see also Martinez v. Mullin*, 2026 WL 2111747, at *4-5 (C.D. Cal. July 20, 2026) (same). Thus, a person initially arrested for a qualifying offense remains subject to mandatory detention under § 1226(c)(1)(E) only if the case proceeds to another qualifying status, such as charge or conviction. *Aguillares v. Chestnut*, 2026 WL 2455215, at *2 (E.D. Cal. Aug. 21, 2026) ("[I]f an individual 'is arrested for' a qualifying offense but is never charged with that offense, that individual's case is no longer progressing form clause to clause").

This construction avoids substantial due process concerns. Courts have reasoned that mandatory detention based solely on an arrest where prosecutors have declined to bring charges would raise serious constitutional concerns. *Singh*, 2026 WL 972547 at *2; *Harsh v. Warden of the Golden State Annex Det. Facility*, Case No. 1:26-cv-03280-JLT-EGC, 2026 WL 1893569, at *2 (E.D. Cal. June 30, 2026) (collecting cases); *Aguillares v. Chestnut*, 2026 WL 2455215, at *2

(E.D. Cal. Aug. 21, 2026) ("Requiring mandatory detention because of a mere arrest for which prosecutors apparently lacked sufficient evidence to charge an individual with a crime would raise serious due process concerns."). Accordingly, courts have construed the statute not to apply after charges are dismissed or dropped, or after acquittal. *Singh*, 2026 WL 972547 at *2

Here, Petitioner represents that prosecutors did not file charges because the alleged victim recanted the following day and stated she wished to withdraw the accusation. (Doc. 13 at 5; Doc. 1-3 at 31). Respondents offer no evidence that any criminal charges arising from the January 2026 arrest remains pending. (*See generally* Doc. 12). Accordingly, even assuming the offense for which Petitioner was initially arrested otherwise qualifies as an enumerated offense under § 1226(c)(1)(E), that arrest does not presently subject Petitioner to mandatory detention.

For these reasons, the Court concludes that Petitioner's detention is governed by the discretionary framework of § 1226(a).

Accordingly, it is hereby RECOMMENDED**:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) be GRANTED in part.
2. The motion for preliminary injunction (Doc. 7) and motion to expedite ruling (Doc. 10) be DENIED as MOOT.
3. If the district court adopts these Findings and Recommendations, the district court direct that within 48 hours of its Order, Respondents be directed to undertake an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

**NOTICE OF EXPEDITED OBJECTIONS**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Given the recommendation to grant the petition in part, a party may file written objections with the Court within five (5) days of service of these Findings and Recommendations.** *Id.*; Local Rule 304(b) (permitting court to set a different time). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party

wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: August 31, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE